IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| MICHAEL FIGGINS and KELLI FIGGINS, Petitioners, and ARIANA SARAH FAALUPEGA FIGGINS, Beneficiary, by and through MICHAEL FIGGINS and KELLI FIGGINS,<br><br>  Petitioners,<br><br>vs.<br><br>THE U.S. CITIZENSHIP AND IMMIGRATION SERVICES OF THE U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>  Respondent. | MEMORANDUM DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br><br><br><br>Case No. 1:05-CV-107 TS |

This matter is before the Court on Respondent's Motion to Dismiss. Petitioners filed a Petition for Review requesting the Court to review the Decision of the Administrative Appeals Office ("AAO") dated July 19, 2005. The AAO decision affirmed the Bangkok, Thailand District Director's ("the District Director") decision denying an immigrant visa to the child adopted in Samoa by Petitioners Kelli and Michael Figgins. The Respondent moves the Court to dismiss the action for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and for lack of subject

1

matter jurisdiction under Fed.R.Civ.P. 12(b)(1).  The Court heard oral argument on the Motion on May 2, 2006.  Having reviewed the file, the arguments of counsel, and being otherwise fully informed, the Court will grant Respondent's Motion to Dismiss for the reasons discussed below.

## I.  BACKGROUND

The adoptive child at issue was born on July 7, 2004.  The child's natural parents, already having seven children at home ranging from 13 years to 2 years and not intending to have another child, felt they did not have the means to care for a new child.  The natural father and only breadwinner in the family, does not hold formal employment, but sells produce from their land, earning an average income of about $30 a month.  The natural parents determined it was in the best interest of the child to put her up for adoption.

About that time Petitioners Kelli and Michael Figgins visited Samoa seeking to adopt a child.  A friend of the natural father learned of Kelli's and Michael's interest, which eventually led to their introduction to the natural parents.  Adoption proceedings commenced and Kelli and Michael Figgins turned out to be the adoptive parents.

Apparently[1] the District Director determined that the child had not been abandoned, and thus could not be considered an "orphan" within the meaning of Section 101(b)(1)(F) of the Immigration and Nationality Act.[2]  Abandonment is defined by 8 C.F.R. § 204.3(b), which states, in relevant part:

> *Abandonment by both parents means that the parents have willfully forsaken all parental rights, obligations, and claims to the child, as well as all control over*

---

[1]Inferences are drawn from the parties' briefs because the file of the agency decision is unavailable, *see Memorandum in Opposition to Motion to Dismiss Petition for Review*, Docket No. 8, at 8.

[2]8 U.S.C. § 1101(b)(1)(F).

> *and possession of the child, without intending to transfer, or without transferring, these rights to any specific person(s). . . . A relinquishment or release by the parents to the prospective adoptive parents or for a specific adoption does not constitute abandonment.* Similarly, the relinquishment or release of the child by the parents to a third party for custodial care in anticipation of, or preparation for, adoption does not constitute abandonment unless the third party (such as a governmental agency, a court of competent jurisdiction, an adoption agency, or an orphanage) is authorized under the child welfare laws of the foreign-sending country to act in such a capacity . . . .[3]

Apparently the District Director, and subsequently the AAO, objected to the fact that the natural parents relinquished their parental rights directly to Kelli and Michael Figgins, and thus found that the child had not been abandoned and therefore could not meet the statutory definition of an "orphan." Without being a legal "orphan," the child is not eligible for classification as the Figgins' "child" for obtaining an immigrant visa until she has been under the legal custody of the

---

[3] 8 C.F.R. § 204.3(b) (emphasis added).

adopting parent(s), and has actually lived with the adopting parent(s), for at least two years.[4] The AAO affirmed the District Director's ruling.

Petitioners did not clearly delineate their claims in their Petition for Review,[5] but in responding to the Respondent's Motion to Dismiss they argue that the District Director and the AAO incorrectly applied the law, and that no statutorily prohibited prearranged adoption took place.[6] They assert that "local customs are important to the process of abandonment."[7] They assert that the local custom in Samoa is for adoptions to be arranged through intermediaries, because "[t]here are no orphanages or state welfare institutions in Western Samoa that take on

---

[4] 8 U.S.C. § 1101(b)(1)(E) and (F). These provisions provide that the definition of a child, for purposes of 8 U.S.C. Subchapter II - Immigration, includes, in pertinent part:

> (E)(i) a child adopted while under the age of sixteen years if the child has been in the legal custody of, and has resided with, the adopting parent or parents for at least two years . . . . [p]rovided, that no natural parent of any such adopted child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this chapter; . . .
>
> (F)(i) a child, under the age of sixteen at the time a petition is filed in his behalf to accord a classification as an immediate relative under section 1151(b) of this title, who is an orphan because of the death or disappearance of, abandonment or desertion by, or separation or loss from, both parents . . . who has been adopted abroad by a United States citizen and spouse jointly, who have . . . complied with the preadoption requirements, if any, of the child's proposed residence; Provided, That the Attorney General is satisfied that proper care will be furnished the child if admitted to the United States: Provided further, That no natural parent or prior adoptive parent of any such child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this chapter . . . .

*Id. See also* 8 C.F.R. § 204.3(a)(2) ("A child who meets the definition of orphan . . . is eligible for classification as the immediate relative of a United States citizen.").

[5] The Petition for Review is entitled "Complaint" in the docket. Docket No. 1.

[6] Docket No. 8, at 10-11.

[7] *Id*. at 12.

4

children abandoned by their parents."[8]  The crux of Petitioners' argument seems to be that because they complied with local regulations and customs, and because the local Samoan court determined that the natural parents were abandoning their rights,[9] the requirements for abandonment under 8 C.F.R. § 204.3(b) have been met.  While the Court is sympathetic of the difficult situation of the Petitioners, and aware of the hardship presented by the agency's denial of the child's visa, the Court does not reach the merits of the case, because the first hurdle to hearing a case is establishing jurisdiction.

## II.  MOTION BEFORE THE COURT

Respondent, the U.S. Citizenship and Immigration Services of the U.S. Dept. of Homeland Security ("Respondent" or "the Government") moves the Court to dismiss the Petitioners' Petition for Review for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6) and for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1).

A.   FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

The Government argues that Petitioner's "single-paragraph 'Petition for Review' . . . simply was not a proper pleading; that is, it was not a complaint which alleged facts or raised issues that could be answered . . . ."[10]  The Court acknowledges that the Petition for Review does not allege any error, and does not assert any basis for the Court to take jurisdiction over the review sought.  However, in the interest of judicial economy, the Court will consider the Petition in combination with the Memorandum In Opposition to Motion to Dismiss the Petition for

---

[8]*Id*. at 11.

[9]*Id*. at 12.

[10]Reply in Support of Motion to Dismiss the Petition for Review, Docket No. 10, at 1.

Review,[11] which does allege an error in the agency's decisions and asserts two bases for jurisdiction to review the decisions.[12]

The Government further argues that the Memorandum in Opposition was not timely filed, and thus should not be considered.[13]  DUCivR 7-1(b)(3) requires that "[a] memorandum opposing a motion must be filed within fifteen (15) days after service of the motion or within such extended time as allowed by the court."  The Court had extended the time to respond until December 30, 2005,[14] but Petitioners did not file their response until January 18, 2006.  The Government points out that under Fed.R.Civ.P. 6(b), "upon motion made after the expiration of the specified period," Petitioners must show that "the failure to act was the result of excusable neglect."

The Court notes that the Petitioners did not request any additional time, and that the record contains no explanation for the untimely filing of the response.  Thus, Petitioner's Memorandum in Opposition was untimely filed.  But the government replied to the Memorandum and is not prejudiced by the Court's consideration of it.  Therefore, in the interest of judicial economy, the Court will consider the Memorandum in Opposition.  As a result, the Court denies Respondent's Motion to Dismiss for Failure to State a Claim and will address the more substantive issue of subject matter jurisdiction.

---

[11]Docket No. 8.

[12]Treatment of the bases for jurisdiction follows in subsection B, *infra*.

[13]Reply In Support of Motion to Dismiss the Petition for Review, Docket No. 10, at 4-5.

[14]Docket No. 7.

B.     LACK OF SUBJECT MATTER JURISDICTION UNDER RULE 12(b)(1)

It is a well-established principle that federal courts are courts of limited jurisdiction.[15] "They draw their jurisdiction from the powers specifically granted by Congress . . . and the Constitution, Article III, Section 2, Clause 1."[16]  "[F]ederal courts cannot act in the absence of statutory authority."[17]  Federal courts are only able to review administrative agency decisions as provided by acts of Congress.[18]  As the party invoking federal jurisdiction, Petitioners bear the burden to prove the existence of subject matter jurisdiction.[19]

The issue—whether a district court has jurisdiction to review AAO determinations of abandonment and a child's status as an orphan—presents a case of first impression in the Tenth Circuit, and apparently also nationally.  As noted above, the Petition for Review contains no basis for jurisdiction.  The Memorandum in Opposition, however, contains two possible sources of jurisdiction—8 U.S.C. § 1329 and § 702 of the APA.[20]  The Government argues that the two bases upon which the Petitioners assert that this Court has jurisdiction are "fundamentally flawed."

---

[15] *United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995).

[16] *Id.*

[17] *Id.*

[18] *Tsegay v. Ashcroft*, 386 F.3d 1347, 1353 (10th Cir. 2004).

[19] *Marcus v. Kan. Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[20] 5 U.S.C. § 702.

First, Petitioners assert this Court has jurisdiction pursuant to 8 U.S.C. § 1329. Petitioners have cited, in support of their assertion, a decision from 1976, *Pascual v. O'Shea*,[21] that interprets § 1329.  However, § 1329 was amended in 1996 to allow district courts jurisdiction only over "causes brought by the United States," but not over causes brought against an agency of the United States as in this case.[22]  In oral argument Petitioners asserted that the amendment to § 1329 was not meant to deprive district courts of jurisdiction.  The assertion however is unsupported by any authority.  Thus, the clear language § 1329 does not provide a basis for this Court to take jurisdiction.

Second, Petitioners assert this Court has jurisdiction pursuant to provision of the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 *et seq*.  Section 702 states, in relevant part:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof. An action in a court of the United States . . . stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States . . . .[23]

---

[21] 421 F.Supp. 80 (D.C. Hawaii 1976).

[22] 8 U.S.C. § 1329.  Prior to the 1996 amendment, 8 U.S.C. § 1329 provided that , "The district courts of the United States shall have jurisdiction of all causes, civil and criminal, rising under any of the provisions of this subchapter."  As amended, 8 U.S.C. § 1329 now states in relevant part, "The district courts of the United States shall have jurisdiction of all causes, civil and criminal, *brought by the United States* that arise under the provision of this subchapter . . . ." *Id.* (emphasis added).  *See also Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (recognizing that "Congress further amended § 1329 to provide for district court jurisdiction only in cases brought by the United States").

[23] 5 U.S.C. § 702.

Further, § 704 provides that "final agency action for which there is no other adequate remedy in a court are subject to judicial review."[24]

The Government counters that under *Califano v. Sanders*,[25] the Petitioners cannot rely on the APA to provide a basis for jurisdiction. In *Califano*, the Supreme Court stated "that the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action."[26] While there is little case law explicitly following this decision, it stands today as binding precedent.

While non-binding, the Court finds two cases from district courts within the Tenth Circuit helpful in explaining the holding of *Califano*. A District of New Mexico case held that "§ 702 [of the APA] does not itself confer jurisdiction to review agency action."[27] "Section 702 simply provides for judicial review of final agency action where there first exists an independent basis for subject matter jurisdiction."[28] Thus, a person must assert an independent basis for federal subject matter jurisdiction separate and apart from the APA before they may get into federal Court.[29] Further, a District of Colorado court stated that "Section 702 does not confer subject

---

[24]*Id*. at § 704.

[25]430 U.S. 99 (1977).

[26]*Id*. at 107.

[27]*Beller v. United States*, 277 F.Supp. 2d 1164, 1166 (D. N.M. 2003) (citing *Califano*, 430 U.S. at 107 (concluding that the APA "does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action")).

[28]*Id*. at 1166–67 (citing *Sierra Club v. Martin*, 110 F.3d 1551, 1554–55, n.11 (11th Cir. 1997); *Colorado Dept. of Social Servs. v. Dept. of Health and Human Servs.*, 558 F.Supp. 337, 339 (D. Colo. 1983).

[29]*Id*. at 1167.

matter jurisdiction on district courts; it simply provides for judicial review of final agency action where there is an independent basis for subject matter jurisdiction."[30] Under these cases, something more than the APA is required to allow Petitioners into federal court. Some other basis for jurisdiction is required. The only other basis which Petitioners have presented is § 1329. As discussed above, this provision does not provide Petitioners a basis for federal subject matter jurisdiction. Since Petitioners have not asserted any other basis for jurisdiction, the Court finds that it cannot accept jurisdiction over the instant Petition for Review and grants Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

### III.  CONCLUSION

Based upon the above, it is therefore

ORDERED the Respondent U.S. Citizenship and Immigration Services of the U.S. Dept. of Homeland Security's Motion to Dismiss (Docket No. 4) is GRANTED.

The Clerk of the Court is directed to close this case.

DATED this 8th day of May 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[30] *Colorado Dept. of Social Servs.*, 558 F.Supp. at 339.